HANNA-BRECKINRIDGE CO., Respondent, v. HOLLEY-MATTHEWS MANUFACTURING COMPANY, Appellant.

**St. Louis Court of Appeals, November 7, 1911.**

1. **APPELLATE PRACTICE: Review: Errors not Assigned: Pleading: Variance.** In a suit filed in a justice's court, where informal pleadings are permitted, the appellate court will not consider the question as to whether proof of the breach of a contract of warranty, offered in the circuit court, on appeal, in support of a statement counting on an account, constitutes a failure of proof, when no such point is made by appellant.

2. ——: **Defective Abstract: Waiver: Rule 33.** Where appellant's abstract is filed within the time provided by the rules of the court, the failure of respondent to file objections to it, within ten days after it is served upon him, in accordance with Rule 33 of the St. Louis Court of Appeals, operates as a waiver of all defects in it, except as to such matters as are expressly required by statute.

3. **SALES: Express Warranty.** When positive descriptions of articles sold are given, by way of indicating their quality or character, and are relied upon by the purchaser, they amount to a warranty in respect of such matters, which the vendor is required to make good.

4. ———: ———: **Second-hand Goods.** Although ordinarily there is no implied warranty in the sale of second-hand chattels, as to quality or fitness for the intended purpose, an express warranty will prevail in such case, identically as in others.

5. ———: ———: ———: **Facts Stated.** Where defendant sold plaintiff certain second-hand machinery by means of correspondence in which he described the machinery as in good condition, framework true and straight, without breaks, only requiring remetaling and repainting, although it had gone through a fire, such description constituted an express warranty, for the breach of which plaintiff was entitled to recover damages.

6. **DAMAGES: Sales: Breach of Warranty: Measure of Damages: Evidence.** In an action for breach of warranty of the condition of second-hand machinery, where the purchaser retained the machinery and it was not wholly worthless, the measure of damages was not what it would cost to replace the broken parts or to rebuild the machinery to make it conform to the requirements of the warranty, but was the difference between the actual value of the machinery at the time of the sale and what its value would have been had it been in the condition warranted; and hence evidence tending to prove the cost of replacing defective parts was inadmissible.

7. ———: ———: ———: ———: ———: **Instructions.** Where, in an action for breach of warranty of the condition of second-hand machinery, the court erroneously admitted evidence as to the cost of rebuilding the machinery and supplying defective parts, and then charged that the jury might find for plaintiff "in such sum as from all the evidence they believed plaintiff was damaged, if any, by reason of the condition of the machinery," it was error to refuse a requested instruction that plaintiff could not recover the value of repairs made to the machinery; no instruction being given that the measure of damage was the difference in value between the machinery as it was and its value if it had been as warranted.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*E. D. Upton* and *M. G. Gresham* for appellant.

*Frank Kelly* and *J. H. Hale* for respondent.

NORTONI, J.—This suit originated before a justice of the peace, and found its way into the circuit court, where plaintiff recovered a judgment of $225, from which defendant prosecutes the appeal.

From a reading of the statement filed before the justice and on which the case was tried, it would seem to be a suit on account, but the evidence reveals instead that it proceeds as for the breach of an express warranty pertaining to the sale of some second-hand machinery. However, the sufficiency of the statement of the cause of action is not challenged in any way here nor is any point made as to a fatal variance or failure of proof, and, as informal pleadings are permitted in the justice court, we will not consider this feature of the case.

It is suggested by motion that the appeal should be dismissed for the reason the appellant's abstract is insufficient. It is true the printed abstract is technically defective in respect of several minor matters, but the motion for a dismissal of the appeal on that account, which contains the several objections to the sufficiency of the abstract, was not filed until the day the cause was submitted to the court. It appears the abstract was filed more than a month before that date, and our Rule 33 requires objections to the sufficiency of abstracts, as in this case, to be filed within ten days thereafter, on pain of such objections being treated as waived. The abstract before us contains all of the evidence, the motion for a new trial and an exception to the overruling of the same, together with instructions given and refused and a statement of sufficient record entries to present the substance of the cause for review, and as it is the desire of the court to dispose of matters on their merits, as they should be, rather than on technicalities pertaining to abstracts, we should treat the defects complained of as having been waived by plaintiff in omitting to heed the provisions of Rule 33. The object and purpose of

Rule 33 is to enable the court to review the merits of an appeal, and that an omission to proceed in accordance therewith operates a waiver of those matters not expressly required by the statute has been heretofore declared. [See Koenig v. Truskett Boat Co., 155 Mo. App. 685, 135 S. W. 514; Serrano v. St. Louis & S. F. R. Co., 150 Mo. App. 607, 131 S. W. 371.]

The controversy pertains to a sale of some second-hand machinery by defendant to plaintiff. Defendant wrote plaintiff a letter describing certain second-hand machinery, which it had on hand, and proposed to exchange it at the price of $400 for certain new machinery, which it desired to purchase from plaintiff, a manufacturer of machinery, at Ft. Wayne, Indiana. The entire transaction was had through correspondence, and plaintiff was afforded no opportunity to inspect the second-hand machinery owned by defendant before the shipment was made. The substance of the correspondence goes to the effect that, though the machinery had been used and had gone through a fire, it was in good condition, the framework was true and straight without breaks, etc., and needed only to be remetaled and repainted. Such, the evidence tends to prove, were the representations which defendant made to plaintiff and on which plaintiff acted when it consummated the deal. It was further stipulated in this correspondence that, besides the machinery mentioned, defendant would complete loading the car with scrap iron so that plaintiff might have the benefit of a full carload weight on the freight, which it agreed to pay. It appears defendant did not so load the car and as a result thereof plaintiff was required to pay more freight than was contemplated between the parties. This item of additional freight, which plaintiff was required to pay through defendant's default, is alleged to be $23.97, but the evidence does not tend to prove the full amount of this charge. Indeed, the proof for plaintiff on that score is, that it paid $6.50 extra

freight only. This amount is not disputed by defendant and the case concedes throughout that plaintiff is entitled to recover that amount. But as the entire amount sued for (the freight charge included) was $225.97, and as the verdict is for $225, it is obvious the jury allowed plaintiff a considerable amount as for the payment on the item of freight, which was not proved in the case.

The evidence tends to prove that the machinery shipped to plaintiff by defendant was not as represented in several respects, and that there is a breach of the warranty, in that the hoop planer was practically worthless and that the arbor or mandrel, the head for carrying the knives and the countershaft were missing. from the head liner machine. One leg and tumbler were broken from the hoop cutter and there was no band wheel whatever for the engine. When positive descriptions of the articles are given, by way of indicating the character or quality of the goods sold and are relied upon by the purchaser as here, they amount to a warranty in respect of such matters and the vendor is required to make such warranty good. [30 Am. and Eng. Ency. Law (2 Ed.), 153, 154.] There is an abundance in the contract revealed by the correspondence tending to prove an express warranty on the part of defendant, and though there is ordinarily no implied warranty in the sale of second-hand chattels as to quality or that they are fit for the purpose for which they were made, an express warranty will prevail in such cases identically as in others.

Over the objections and exceptions of defendant, the court permitted plaintiff to prove what it would cost to replace some portions of the machinery with new pieces; for instance, the following question and answer will illustrate: "What will be the probable cost of a new leg and tumbler for this machine? A. $105." This was error, for the measure of damages

is not what it would cost to replace such broken parts or to rebuild the machine to make it conform to the representations, but, instead, it is the difference between the actual value of the article at the time of the sale and what its value would have been if it had been as warranted. Such is the rule where the purchaser retains the article sold, as in this case, and it is not wholly worthless. [See 30 Am. and Eng. Ency. Law (2 Ed.), 209; Brown v. Weldon, 99 Mo. 564, 13 S. W. 342.]

After having admitted the testimony as to what it would cost to rebuild the machines or supply new parts thereof, the court in most general terms instructed the jury, at the instance of plaintiff, that the finding might be for plaintiff "in such sums as from all the evidence you believe it was damaged, if any, by reason of the condition of the machinery shipped, etc." This of itself might not operate a reversal, but the court refused to instruct for defendant that plaintiff could not recover for the value of repairs it may have made to the machinery, and this was error. Moreover, no instruction whatever was given in the case affording a correct measure of recovery. In view of the general instructions given for plaintiff and that refused on the request of defendant, and the admission of the evidence above mentioned, the judgment should be reversed and the cause remanded, for the whole was misleading. It is so ordered. *Reynolds, P. J.* and *Caulfield, J.,* concur.