MAIR et al., Respondents, v. WILLIAMS, Appellant.

(136 N. W. 1086.)

**Sales—Breach of Warranty—Measure of Damages—Instructions—Substituted Furnace.**

On breach of warranty of a furnace, the measure of damages is the difference between the value of the furnace had it been as warranted, and its actual value as it turned out to be, regardless of the value or cost of a new furnace put in to replace it and which latter was satisfactory.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by Thomas A. Mair and another against E. H. Williams to recover for a balance of account for merchandise, including a heating apparatus. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed, and remanded for new trial.

*Hall, Roddle & Purdy,* for Appellant.

"In an action for breach of warranty in the sale of a traction engine, consisting of alleged defective flues, plaintiff's measure of damages was the difference between the value of the machine as it was when delivered and its value had it been as warranted. Cavanagh v. Stevens, (S. D.) 123 N. W. 681.

The instruction is based on an entirely erroneous premise, i. e. that the value of the article, if it had been as warranted, may relate to a time two years after it was made or any other time. This premise is without foundation in law or equity and for the court to so instruct was not only prejudicial but manifestly unfair to either party. Sec. 2306 Civil Code; III Sutherland on Damages, Sec. 671.

"The vendor of a warranted furnace which fails to heat a dwelling according to the terms of the contract must respond for the vendees discomfort, and the expense incurred in the use of other means to obtain heat." Fowler v. Pauly, 67 Mo. App. 632, Id. note; Russell v. Corning Mfg. Co., 49 N. Y. App. Div. 610, 63 N. Y. Suppl. 640; Note 1, 35 Cyc., Sec. 467; Hadley v. Baxendale, 9 Exch. 341; Borradails v. Brunton, 8 Taunt. 535; Passinger v. Thorburn, 34 N. Y. 633; Frohreich v. Gammon et al, 11 N. W. 89.

"That the court erred in instructing the jury that the plaintiffs were entitled to recover at least $107.20 with interest thereon at the rate of seven per cent. per annum from January 16, 1907."

This instruction is vulnerable to the same objections mentioned as to the preceding assignment of error, taking, as it does Skiff's immaterial and contradicted testimony as to an estimate of damages which does not include all the statutory elements, as a basis for the total amount of defendant's possible recovery and subtracting that amount from plaintiff's claim.

We would most respectfully call the court's attention to the ambiguity of this instruction complained of. The court will notice that the major portion of it, in fact all of it except the illustration is contained in one sentence, consisting of one hundred and nineteen words and some ten separate conjunctions. We believe the court will agree with us that this sentence is altogether too involved and confusing to convey any clear idea to the minds of the jury, and that the same was therefore erroneous and prejudicial. Hughes on Instruction, Sec. 1, p. 2; see, also, 11 Ency. P. & P. P. 138; Sec. 2305 Rev. Civil Code.

This is the rule of common law as well (See 35 Cyc. 468; 2 Greenl. on Ev. Sec. 262; Field, Dam. Sec. 285; Sedg. Dam. (291); Sutherland on Dam. Sec. 670, and has been repeatedly declared to be the law by the Supreme Court of this state and North Dakota. (See Aultman Co. v. Ginn, 1 N. D. 402; Siebering v. Martinson, 9 S. D. 576; Aultman Co. v. Ferguson, 8 S. D. 463; Western Twine Co. v. Wright, 11 S. D. 521; Herman v. Silver, (S. D.) 90 N. W. 141).

, Consider for a moment the several false standards given the jury upon which to base their verdict for damages. The instructions start out with the measure of damages designated by the statute and all the text writers, to-wit: The difference between the value of the furnace, if it had been as warranted, and its actual value (folio 706) but the court even in his statement of that rule misstates it by saying that the defendant's damages cannot exceed the difference in value, etc. This is all right as far as it goes for it, of course, cannot exceed this difference, but does not go far enough, as the damages, while they cannot exceed this difference, neither can they, in law be less than this difference.

The furnace bought of plaintiff, if it had been as warranted, might have been worth to defendant several times the cost of the new furnace. (See comments upon this feature on page 35 hereof, also case of McCabe v. Des Noyers, 108 N. W. 341 S. D.) The cost of the new furnace installed by Skiff is no criterion of the market value of a new furnace, nor is it evidence of what the value of the Mair furnace would have been, if it had been as

warranted.    Evidence of an isolated sale is never admissible to prove the market value of the commodity sold.

The court further clouds the matter by attempting to tack on a proviso to this second method (folio 709) by stating that if the new furnace installed by Skiff is worth more than the furnace bought of plaintiff would have been, then this additional value should be deducted from the amount of recovery.    We believe this theory to be unique in the law of damages, and one for which we find no support whatever in the books.

*Olaf Eidem,* for Respondents.

The court instructed the jury in clear and positive language to find such damages as they should determine not to exceed $125.00 in favor of the defendant, if they found that there had been a warranty and a breach thereof.

In Douglas v. Egne, 99 N. W. 550, Supreme Court of Iowa held that:

"A plaintiff cannot complain of the instructions as to the measure of damages where the general verdict was for the defendant."

Where in an action for breach of warranty the general verdict is for the defendant instructions as to the measure of damares are immaterial.  Simpson v. Baxter, 41 (Kan.) 540, 21 Pac. 634; Coleman v. MacLennan, 20 L. R. A. 361-378 (N. S.); Kelly v. Pierce, 112 N. W. 994 N. D.

The further objection is, that the court entirely ignored said section 2305, supra, in its instructions.

The theory of the court  as to the measure of damages was in accord with the said section.

The measure of damages contemplated by all statutory provisions is the actual loss suffered and no court can hold under the pleadings and evidence in this case, that the defendant having been successful in using the property for the purpose intended, is entitled to greater damages than the loss which he incurred.  New York State Monitor Milkpan Co. v. Remington 109 N. Y. 143, 16 N. E. 48; Bixby v. Dennison, etc., 78 N. W. 234, 35 Cyc. 474, cases cited.  See, also, Altman Co. v. Ferguson, 8 S. D. 463.

McCOY, P. J. Plaintiffs brought this action to recover a balance of $232.30 alleged to be due upon a certain account for hardware, plumbing, and heating apparatus sold to and installed for defendant. Defendant answered alleging that the said heating apparatus was warranted by plaintiff to be of good quality and workmanship and that the same would heat the home of defendant in a good and sufficient manner; that defendant purchased said heating plant relying upon said warranty; that said heating plant failed to comply with said warranty, and would not heat said house as warranted, whereby defendant was damaged in the sum of $375. On the trial defendant testified: That he and his wife went to plaintiff's place of business to purchase the heating apparatus. That plaintiffs showed them a Robinson furnace and said to them: "'You need not be afraid of the Robinson furnace. There is nothing better on the market. I guarantee it to heat your house to satisfaction. Furthermore, I guarantee you a complete job. I said: 'If you do that, it is good enough for me. We will take it.' I relied upon this guarantee entirely when I made the purchase. The Robinson furnace failed to comply with the warranty. When it was any way cold, we could not get the rooms heated over 56 to 57 degrees. There was one little room just over the furnace that we could heat sufficiently to live in when it was cold. Used nineteen tons of coal that winter trying to heat the house." Plaintiffs endeavored for a long time all through that winter to remedy the working of the furnace. Other testimony on the part of defendant showed that he took out the said Robinson furnace and replaced the same with another new furnace costing $125 including labor, which new furnace heated his house very satisfactorily; that the Robinson heating apparatus installed by plaintiffs, if the same had been as warranted, would have been worth from $225 to $250; that said Robinson furnace as installed by plaintiffs was worthless, excepting certain pipes and registers which were used by defendants in installing the new furnace, and were of the value of $43. Plaintiffs denied that they so warranted said Robinson furnace; and there was testimony on the part of plaintiffs tending to show that said Robinson furnace as installed by plaintiffs was of the value of $97.25,

including pipes, plates, coil, and labor. There was a verdict and judgment for plaintiffs for the full amount of their claim.

In his charge to the jury the court, among others, gave the following instruction: "While I do not desire to express any opinion as to the weight of the evidence, I will call your attention to the fact that the defendant's witness Skiff, who put in the new furnace which the defendant is perfectly satisfied with, replaced the rejected parts of the plaintiffs' furnace and heating apparatus for the sum of $125. You cannot therefore, upon the evidence, in any event allow the defendant any greater credit than $125 upon plaintiffs' claim of $232.20, leaving still a balance of $107.20, so that, in any event, the plaintiff must still recover at your hands at least $107.20 with interest thereon at the rate of 7 per cent. per annum from January 16, 1907. Of course, if you should find that the furnace and heating apparatus as it now is since the said Skiff replaced the furnace put in by plaintiffs with certain other parts is of greater value than the furnace and heating apparatus put in by plaintiffs would have had, had there been no breach of warranty, if there was a warranty, then you cannot allow the full amount of $125 as a credit; but no more than the actual difference between the furnace and heating plant warranted and the furnace and heating plant installed by plaintiffs" To the giving of this instruction defendant duly excepted and now urges the same as error, as giving to the jury a wrong rule for the measure of damages, and being a rule under which the plaintiffs might have recovered the full amount of their claim, although the jury might decide in favor of defendant upon the question of the making of the warranty of the Robinson furnace. We are of the opinion that appellant is right in his contention. The measure of defendant's damage in case the jury found there was a warranty of the furnace was the difference between what said Robinson furnace would have been worth had it been as warranted, and its actual value as it in fact turned out to be, regardless of the value or cost of the new furnace which was put in to replace the same. The new furnace which heated defendant's house to satisfaction might have been worth much less than the Robinson furnace had that heated the same house to satisfaction. The

Robinson furnace might have been a much more durable and better constructed furnace, and had much more intrinsic value, when it worked satisfactorily, than the one which replaced it. The fact alone that the new furnace heated the house to satisfaction was not proof that the new furnace was of greater value than the Robinson furnace had that also heated the house to satisfaction. There is no other evidence of the value of the new furnace than that it cost $125, including the labor of installing it. There was no evidence on which to base such an instruction. If the jury believed the evidence of defendant that the Robinson furnace would have been worth $250, if as warranted, and that defendant used $43 worth of the fixtures thereof in replacing the new furnace, and that the Robinson furnace was otherwise of no value, then defendant's damages were $207, no matter what he paid for the new furnace. Yet the court, in effect, instructed the jury to take into consideration the cost and actual value of the new furnace; that defendant was not, under some circumstances, even entitled to the $125 costs of the new furnace as damages; that, if the new furnace was in fact worth more than the Robinson furnace had it complied with the warranty, the profit in the deal for the new furnace, over and above the value of the Robinson furnace had that complied with the warranty, should also be deducted from defendant's damages, and if the profit thus derived was in excess of the defendant's damages defendant could not recover even if the Robinson furnace was warranted as claimed by defendant and there had been a breach of such warranty. There was no evidence on which to base such an instruction. It will not be necessary to consider other assignments of error.

The order and judgment appealed from are reversed, a new trial granted, and the cause remanded.