[No. 11027.   Department Two.   December 23, 1913.]

Laura S. Hunt, *Appellant*, v. G. S. Allison, *Respondent*.[1]

Fraud—Misrepresentations — Measure of Damages — Instructions.  The measure of damages for false representations as to the strength of the walls of a building sold to plaintiff, is the difference between what the building was actually worth at the time of the sale, and what it would have been worth if as represented; and it is error to instruct that the measure is the sum which it would have been necessary to expend to make the walls as represented.

Appeal—Preservation of Grounds—Objections to Evidence.  An objection that the evidence of certain damages was incompetent, irrelevant and immaterial is sufficient to raise the point that the same was not the true measure of damages; especially where such measure was not subsequently acquiesced in.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered October 4, 1912, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for fraud.   Affirmed.

*Graves, Kizer & Graves*, for appellant.

*Danson, Williams & Danson* and *Cannon, Ferris & Swan* (*George D. Lantz*, of counsel), for respondent.

Main, J.—The purpose of this action was to recover damages alleged to be due on account of fraudulent representations.

On July 24, 1907, the Spokane International Railway Company leased to the defendant lot 15, situated in its terminal grounds, in the city of Spokane.   The lease provided that the defendant was to erect a building upon the premises, to be used as a warehouse, sales room, and for cold storage and mercantile purposes.

Shortly thereafter, the defendant caused to be organized, under the laws of the state of Washington, a corporation, bearing the name of the International Storage Company.

[1]Reported in 137 Pac. 322.

After the organization of this company, the lease was assigned to it with the consent of the lessor. The corporation erected upon the premises a two-story brick building equipped as a cold storage plant, in accordance with the terms of the lease. On or about the 1st day of July, 1911, the plaintiff contracted to purchase the lease and building for the sum of $18,000. The railway company refused to consent to an assignment of the lease by the corporation to the plaintiff. The corporation owned no other property, and its capital stock was all owned by the defendant. When the railway company refused to consent to the assignment of the lease, the defendant sold and transferred to the plaintiff the entire capital stock of the corporation, thereby investing her with the ownership of the building and the lease.

The plaintiff claims that she was induced to make this purchase by the representation of the defendant that the walls of the building were of sufficient strength to sustain two additional stories if, at any time, it were thought advisable to so erect them. The charge of fraud is the misrepresentation as to the strength of the existing walls, they not having sufficient strength to sustain the additional stories.

There are other allegations of damages sustained by reason of misrepresentations of the defendant with regard to the cold storage equipment and machinery. It is unnecessary, however, to further mention these, as the only error assigned is predicated upon the court's action in granting the defendant's motion for a new trial, upon the ground that error had been committed in that the jury were incorrectly instructed as to the measure of damages.

During the trial, the plaintiff offered evidence tending to show what it would cost to reconstruct the walls and make them of the strength which she claimed they were represented to be. This evidence was objected to by the defendant on the ground that it was incompetent, irrelevant and immaterial. The defendant offered no evidence on the question of damages. At the conclusion of the plaintiff's evidence, and

also at the conclusion of the case, the defendant moved the court to withdraw the case from the jury on the ground, among others, that there was a failure and absence of proof. These motions were denied. The jury returned a verdict in favor of the plaintiff upon the two causes of action. Motion for new trial being made, the court sustained it as to the first cause of action because, as it believed, it had improperly instructed the jury as to the measure of damages; and overruled the motion as to the second cause of action. The plaintiff appeals.

The trial court, in submitting the cause to the jury, gave the following instruction upon the measure of damages relative to the walls of the building not being as it was claimed they had been represented:

"I charge you that if the defendant or his agent, George W. Paine, stated to the plaintiff as a fact and the plaintiff relied upon it that the walls of the building in question were built so as to carry two additional stories, and that said statement was untrue, and that plaintiff did not know the same was untrue, then I charge you that the plaintiff is entitled to recover such sum as was necessary to be expended at the time of the sale in order to make said walls carry said two additional stories, together with interest thereon from the date of the purchase of said stock at the rate of six per cent per annum."

This instruction, in substance, tells the jury that the measure of damages is the sum which it would have been necessary to expend at the time of the sale in order to make the walls sufficiently strong to carry two additional stories.

The respondent, on the same question, requested an instruction as follows:

"The jury are instructed that, on the measure of recovery, if any, for the alleged misrepresentation as to the strength or thickness of the walls of the building, if you find that such misrepresentations were made, that the plaintiff is entitled to recover the difference between what the building was actually worth at the time of such sale, and

what it would have been worth if the walls had been of the
strength and thickness as represented."

The substance of this instruction is that the correct meas-
ure of damages was the difference between what the building
was actually worth at the time of the sale, and what it would
have been worth if the walls had been of the strength repre-
sented.    The instruction given does not contain a correct
statement of the law.    The instruction requested and re-
fused states the rule correctly.    Where property is sold and
the purchaser subsequently brings an action charging fraud-
ulent representations, the measure of damages is the differ-
ence between the value of the property transferred at the
time of the sale and what its value would have been if it had
been as represented.    4 Sutherland, Damages (3d ed.),
§ 1171; *West v. Carter*, 54 Wash. 236, 103 Pac. 21; *Walsh
v. Meyer*, 40 Wash. 650, 82 Pac. 938; *Williams v. Hewitt*,
57 Wash. 62, 106 Pac. 496, 135 Am. St. 971; *Hanna-
Breckinridge Co. v. Holley-Matthews Mfg. Co.*, 160 Mo.
App. 437, 140 S. W. 923; *Mair v. Williams* (S. D.), 136
N. W. 1086.

It is claimed, however, that the respondent acquiesced in
the rule of damages as stated in the instruction given, and
therefore the court was in error in granting the motion for
new trial.    We find no merit in this contention.    When the ap-
pellant's evidence as to the measure of damages was offered,
the respondent objected, it is true, only on the grounds that
it was irrelevant, incompetent and immaterial.    If the evi-
dence offered did not tend to prove damages which could be
recovered, obviously it would be immaterial and would have
no place in the case.    Though the objection made did not as
fully advise the court of the reasons for it as might have
been done, it shows, at least, that the respondent did not ac-
quiesce in the introduction of the evidence.    In addition to
this, the respondent seasonably interposed a motion that the
case be taken from the jury; and subsequently requested an

instruction which correctly defined the measure of damages. The judgment will be affirmed.

CROW, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.