[No. 14274. *En Banc.* July 9, 1918.]

PEARL PARKHURST, *Appellant,* v. JOHN J. ELLIOTT *et al.,*
*Respondents.*[1]

FRAUD—DECEIT — EXCHANGE OF PROPERTY — MEASURE OF DAMAGES.
The measure of damages for deceit in misrepresenting the value of
mortgage securities, traded for plaintiff's property, is the difference
between the actual value of the securities and their value as repre-
sented.

APPEAL—REVIEW—MATTERS NOT NECESSARY TO DECISION. Upon
affirming the grant of a new trial to plaintiff for error in certain in-
structions to the jury, the supreme court will not consider defend-
ant's objection to the sufficiency of the evidence to sustain any ver-
dict.

Appeal from an order of the superior court for King
county, Albertson, J., entered January 31, 1917, grant-
ing a new trial, after the verdict of a jury rendered in
favor of the plaintiff, in an action for damages. Af-
firmed.

*Walter A. Keene* and *Will H. Thompson,* for appel-
lant.

*McClure & McClure (Walter S. Osborn,* of counsel),
for respondents.

MOUNT, J.—This appeal is from an order of the
lower court granting a new trial after verdict of a
jury. The plaintiff has appealed.

The facts are, in substance, as follows: In May,
1915, the appellant was the owner of a house and lot
in the city of Seattle. This property, valued at $3,500,
was listed with a real estate agent for sale, subject to
a mortgage of $950. At that time Alfred E. Hart and
wife were the holders of a note for $2,560, executed by
Robert A. Campbell and wife and Susan S. Shaw to
Zener-Hilt Company. This note was secured by a sec-

[1]Reported in 173 Pac. 731.

ond mortgage upon 19.83 acres of land in Okanogan county. The note and mortgage were dated July 15, 1914, and matured on or before three years from date. Mr. Hart had placed this note and mortgage in the hands of one John J. Elliott for sale or trade. The agent for appellant and the agent for Hart and wife came together and arranged an exchange of properties. It was agreed that appellant's house and lot were of the value of $3,500, less the mortgage thereon, making an equity of $2,550. It was agreed that Mr. Hart's note and mortgage, with interest, were of the value of $2,730. It was agreed that appellant should pay the difference in cash and the exchange of the properties should be made. This was done. Afterwards, when an interest payment due upon the note and mortgage was not paid, appellant declared the whole sum due and proceeded to foreclose the mortgage in Okanogan county. The property was sold upon foreclosure and bid in by the mortgagor for $2. Susan Shaw, one of the makers of the note, was not served in the foreclosure and did not appear therein. A deficiency judgment was taken against Campbell and wife for the balance due on the judgment after being credited with the $2. Thereafter this action was brought to recover damages for the loss sustained on account of the alleged fraudulent representations as to the value of the securities made by the agent, Mr. Elliott, prior to the time the trade was made.

The respondents, in answer to the complaint, denied the allegations of fraud and deceit, and alleged affirmatively that appellant did not rely upon representations that were made, but made independent investigations of her own as to the value of the property securing the note and mortgage. Upon these issues the case was tried to the court and a jury. A verdict was returned in favor of the appellant in the sum of $2,-

852.29. Upon the return of the verdict, the respondents filed a motion for judgment notwithstanding the verdict and for a new trial. The trial court denied the motion for judgment *non obstante* and granted the motion for a new trial, upon the ground that an instruction to the jury upon the measure of damages was error. The instruction upon the measure of damages given by the court to the jury was as follows:

"So you will inquire from all of the evidence in the case, if you should find that the plaintiff was entitled to recover at all, what was the comparative market value of these two properties at the time of the exchange and if the value of the property of the plaintiff was in excess of the value of the note and mortgage which she received in exchange for it, then your verdict would be for the plaintiff in the amount of such excess, and in the amount of the further payments which the complaint charges she made to the defendant Hart, to the extent that such further payments may be established by the evidence to your satisfaction."

At the time of the trial, the respondents requested the court to give two instructions, as follows:

"The jury are instructed that, if you find that plaintiff is entitled to recover in this case, the measure of damages would be the difference between the value of the property sold or exchanged to her at the time of such sale or exchange, and what its value would have been, had it been as represented."

"The jury are instructed that one who is induced to buy a mortgage or exchange property therefor by fraudulent representations as to the value of the property covered by it and the responsibility of the indorsers of the note thereby secured, may recover the difference between the actual value of the securities and their value as represented. The rule would mean a sum equal to that portion of the mortgage debt which the securities when properly applied thereto will fail to pay, on the hypothesis that, if they had been as represented they were adequate to pay the whole debt."

The court refused to give these instructions, but gave the one first above quoted; and, concluding that he was in error in this respect, granted the new trial.

Appellant insists that the instruction defining the measure of damages given by the court was correct, based upon the rule in *Tacoma v. Tacoma Light & Water Co.,* 17 Wash. 458, 50 Pac. 55, where it was stated (p. 482) that the correct rule for assessment of damages is:

"The difference between the whole purchase price paid and the actual value of the whole property at the date of sale."

That rule has not been followed in later cases. It has not been noticed, but has been in substance over ruled. In the cases of *Walsh v. Meyer,* 40 Wash. 650, 82 Pac. 938; *West v. Carter,* 54 Wash. 236, 103 Pac. 21; *Hunt v. Allison,* 77 Wash. 58, 137 Pac. 322; and *Stanton v. Zercher,* 101 Wash. 383, 172 Pac. 559, this court has followed the great weight of authority and laid down the rule for the measure of damages in cases like this to be the difference between the value of the property transferred at the time of sale and what its value would have been if as represented. So it is apparent that the court was right in granting the motion for a new trial upon the ground that the instruction given was error. That there may be no doubt upon the question hereafter, the rule in *Tacoma v. Tacoma Light & Water Co., supra,* is now, in so far as it states the rule for the measure of damages in cases of this kind, overruled.

The respondents insist that the court erroneously denied a motion for a judgment *non obstante,* and urge that we should now direct a judgment upon the facts in the case. In *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209, a case where a new trial was granted by the lower court and, on

appeal to this court, the order granting a new trial was reversed and the lower court directed to enter a judgment upon the verdict, an appeal from that judgment was taken to this court. We there overruled a number of cases in which we had held that, where the motion for a new trial was granted upon a specific ground, this court, upon appeal, would consider only the ground stated by the trial court for its ruling, and would not consider other grounds covered by the motion. We said:

"The correct rule of practice is now announced to be that, where, upon the consideration of a motion for new trial, the trial court enters an order granting the motion upon a specific ground or for a specific reason stated, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which were covered by his motion, and is not limited to the specific ground or reason upon which the trial court based the order."

Under the rule in that case, if we were now to conclude that the trial court properly instructed the jury, we would then consider the other grounds of the motion for a new trial; but we have concluded that the trial court was right in granting the motion for a new trial, and it is, therefore, not necessary to consider other questions presented upon the motion for a new trial.

The case will go back and be retried. If final judgment shall go against the respondents they may then question the sufficiency of the evidence. For that reason we now decline to pass upon the question presented by the respondents to the effect that the trial court should have granted the motion for judgment notwithstanding the verdict.

The order appealed from is affirmed.

ALL CONCUR.