[No. 16126. Department Two. January 14, 1921.]

MINNIE CRAMER, *Respondent,* v. GEORGE H. CLARK *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER (174)—REMEDIES OF PURCHASER—RIGHT
OF ACTION—BREACH OF CONTRACT. Where defendants agreed to cause
to be conveyed to plaintiff, in a trade, property of the value of six
thousand dollars, they are liable for breach of the contract, and it
is immaterial whether they made any specific representations as to
the property.

SAME (186)—REMEDIES OF PURCHASER—DAMAGES—MEASURE—DIF-
FERENCE BETWEEN LAND AS REPRESENTED AND ACTUAL VALUE. Where
defendants agreed to cause to be conveyed to plaintiff, in a trade,
property of the value of six thousand dollars, and conveyed prop-
erty of little value, the measure of damages is the difference be-
tween the value of the property transferred at the time of the sale,
and what its value would have been if as represented.

SAME (18)—EVIDENCE OF DAMAGE—SUFFICIENCY. On a trade of
property, the value of thirty acres received by plaintiff is a ques-
tion for the jury, where witnesses on one side testified it was worth
$125 per acre, and on the other side that it was poor land and not
worth over $50.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered January 28, 1920,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for damages for fraud and
breach of contract. Affirmed.

*Cordiner & Cordiner,* for appellants.

*Peacock & Ludden,* for respondent.

MAIN, J.—The plaintiff brought this action seeking
to recover damages which she had sustained in a real
estate transaction with the defendants. The cause
was tried to the court and a jury, and resulted in a
verdict in favor of the plaintiff in the sum of $3,867.50.
Motion for new trial being made and overruled, judg-.

[1]Reported in 194 Pac. 779.

ment was entered upon the verdict and the defendants appeal.

The appellants, George Clark and May Clark, are husband and wife, and were engaged in the real estate business in Spokane under the name of G. H. Clark and Company. The respondent, prior to the transaction in question, lived in Missoula, Montana, and there owned an equity in certain real property which was of the value of approximately six thousand dollars. During the month of March, 1918, she entered into an agreement with the appellants whereby she conveyed, or caused to be conveyed, her interest in the Missoula property to the appellant Kempf. In return for this, the appellants agreed, or the jury, from the evidence, had a right to find that they agreed, to secure and convey to her property of equal or greater value. In return for the Missoula property, respondent received from the appellants certain property at Hillyard, Washington, and thirty acres of land in southern Idaho. She moved from Missoula to Hillyard, Washington, and after a time discovered that, for her six thousand dollar equity in the Missoula property, she had received property of very little value.

This action was thereupon begun. From the complaint it is not clear whether the theory of the action was to recover damages for false and fraudulent representation, or was based upon a contract whereby the appellants agreed to secure for the respondent property of at least the value of six thousand dollars. While the evidence in support of the plaintiff's case in chief was being presented, there was some controversy over what was the exact theory of the action. After the respondent rested, the appellants moved the court to require her to elect upon which theory the action was being prosecuted. This request was sustained,

and the respondent thereupon elected to rely upon the contract theory. The appellants, in their opening brief, state and argue separately twenty-three different points. Of course, in the ordinary case—and the present case is only that—the space allowed to an opinion would not justify the discussion of any such number of questions.

In this opinion there will be discussed only the three points upon which, it seems to us after careful consideration of all the questions, the appellants must principally rely. The first of these is that there is no evidence to connect the appellant Kempf with the Hillyard property. The evidence on the part of the respondent shows—and the jury had a right to believe it—that he was present on two or more occasions when the transaction was being discussed and considered, that he was a party to the arrangement and that he received title to the Missoula property. If he were a party to the agreement whereby the respondent was to receive property of at least the value of six thousand dollars in exchange for her Missoula property, it would not matter whether Kempf himself made any specific representation with reference to the Hillyard property. By the terms of the agreement, he was required to see that the respondent received what she had contracted for.

The next point is that there was error in the instructions upon the measure of damages. The court instructed the jury that the measure of damages was the difference between the market value of the respondent's interest in the Missoula property and the market value of the Hillyard and Idaho property, as well as any other property which was transferred in pursuance of the agreement. In support of the contention on this point, the appellants rely upon the rule that, where damages are sought to be recovered for

fraudulent representation, the measure of damages is the difference between the value of the property transferred at the time of the sale and what its value would have been if it had been as represented, citing cases of *Hunt v. Allison,* 77 Wash. 58, 137 Pac. 322, and *Parkhurst v. Elliott,* 103 Wash. 89, 173 Pac. 731. Whether this rule is applicable to the facts in this case, since the theory of the action became one upon an alleged contract, it is not necessary here to determine, because the measure of damages would be the same under the particular facts of this case. If the appellants agreed to cause to be transferred to the respondent property of the value of six thousand dollars and failed in this, the measure of damages would be the same whether the difference between the market value of the property as transferred and the value of the Missoula property were considered, or whether the rule were applied where the measure of damages is the difference between the value of the property transferred and what its value would have been had it been of the value represented. The represented value here, under the evidence, was only to be equal to the value of the Missoula property, or six thousand dollars.

The next point is that there is no evidence in the record to show that the Idaho property is worth less than the sum of three thousand dollars, which was the value represented at the time of the transaction. Appellants offer testimony to the effect that this land was good farm land and worth from one hundred to one hundred and twenty-five dollars an acre. The respondent offered testimony that it was poor land, very rough and very rocky, with no farm land on it. In addition to this, there was evidence from which the jury had a right to infer that, at the time of the transfer, the appellants did not deem the land to have a greater

value than the sum of five hundred dollars. While the evidence is not as clear and positive on the part of the respondent as it might have been, yet we think that there was sufficient to take the question to the jury, and that the court would not be justified in deciding, as a matter of law, that this evidence did not present a question of fact. As already intimated, the other questions will not be discussed *seriatim*. It is sufficient to say that they have all been considered and in none of them is substantial merit.

The judgment will be affirmed.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.