[No. 7364.   Decided March 26, 1909.]

JOSEPH SMITH, *Appellant*, v. JANE E. GRAY *et al.*,
*Respondents.*[1]

CANCELLATION OF INSTRUMENTS—RESCISSION FOR FRAUD—ELECTION
OF REMEDIES—LACHES—TIME FOR SUIT—REASONABLENESS. An action
for the rescission of the sale of lands, for fraud of the agent in
showing the wrong property, is not commenced within a reasonable
time, and is waived by the election of the remedy for damages,
where it appears that the agents sold plaintiff land for $1,500, which
had been listed with them at $1,000, that in August 1906, the vendor
informed the plaintiff that the land shown by the agents was not
the land listed or sold to him, and in the spring of 1907, the plaintiff,
before bringing the present suit, commenced an action against the
agent for $500 damages upon hearing that the listed price was
$1,000 instead of $1,500, and prosecuted no appeal from an adverse
decision in such action.

Appeal from a judgment of the superior court for Spo-
kane county, Warren, J., entered November 9, 1907, in favor
of the defendants, after a trial before the court without a
jury, dismissing an action for cancellation and rescission.
Affirmed.

*Davis & Davis*, for appellant.

*J. M. Geraghty* and *Alex M. Winston*, for respondents.

DUNBAR, J.—This action was brought in the superior
court of Spokane county, June 8th, 1907, to cancel and set
aside a certain deed to real property in said county, made by
defendants to appellant, and for a rescission of the sale of
the land therein described. The complaint alleged fraud, in
that the agents of the defendants sold and pointed out to
appellant a certain five-acre tract of land adjoining Monroe
Park addition to the city of Spokane, and represented that the
said five-acre tract was the one defendants owned and desired

[1]Reported in 100 Pac. 339.

plaintiff to buy; that plaintiff did buy the same, paying therefor the sum of $1,500, and received from defendants a deed. It is alleged that, shortly prior to the commencement of this suit, plaintiff first learned that the deed did not describe the land shown him, but described a tract of land situate between a mile and a mile and a quarter north of the tract which was pointed out to him, being that much further away from the borders of the city of Spokane, and of comparatively little value. The defendants denied the material allegations of the complaint, and pleaded that they never listed this land with J. B. Moody, the real estate agent who showed the property to plaintiff, and that Moody was in no sense the agent of defendants, and that the said Moody bought the land after being shown the right piece, for a client of the said Moody, and paid the defendants therefor the sum of $1,000. Upon the issues thus joined, the cause was brought to trial, and the court rendered judgment in favor of the defendants for costs. From this judgment this appeal is taken.

Moody and one Rogers, his partner in the real estate business, testified that respondent Gray listed a five-acre tract of land with them for sale, and pointed out to them on the map the land which they sold to the appellant. It seems that the property was listed, according to the testimony of Moody and Rogers, at the price of $1,000, $50 commission to be paid by the respondent, and that the land was sold to the appellant for $1,500, the agents turning over to the respondent $950. Whereupon a deed was made by the respondents to the appellant for the tract of land which it is conceded was not the tract of land which the agents pointed out to the purchaser, the appellant Smith.

An examination of the testimony in this case convinces us that a fraud was perpetrated upon the appellant, but that the respondents were not parties to such fraudulent misrepresentations. It is incontrovertible, however, that the respondents would be liable for the acts of their agent done in the

line of his employment, and if this action for rescission had been brought within a reasonable time and without any intervening circumstances, which we will mention hereafter, the appellant would doubtless have been entitled to a judgment. It is well established that an action for rescission must be brought within a reasonable time. What a reasonable time is must be determined from the circumstances of the particular case. From the record of another case which was introduced in testimony, it appears that, in the spring of 1907, the appellant brought an action against Moody for $500 damages, upon learning that the listed price of the land was $1,000 instead of $1,500. That action was determined against the appellant, and no appeal has been taken therefrom. It is testified by the appellant that, at the time this action was commenced, he did not know that the land which was deeded to him was not the land which he bought, and that shortly after he became aware of that fact, the present action was brought. But the testimony of the appellant in this regard is disjointed, uncertain, and almost unintelligible; while the respondent testifies in a direct, positive, and convincing manner that he informed the appellant, in August, 1906, that the land which had been shown to him was not the land which he (respondent) owned or had listed for sale; that the appellant and respondent went out and looked at the land which was shown to appellant and which was represented to be the land which was deeded to appellant, when the respondent informed him that the land which he had sold was not there in that neighborhood, nor anywhere near. The testimony on this controlling point being conflicting, and the court having had the witnesses before him, in addition to the fact that the testimony of the respondent to our minds seems to be more probable and convincing, we are of the opinion that the appellant became aware of this fraudulent transaction before the action for damages was brought and several months prior to the commencement of this action, and that in bringing such

17—52 WASH.

action he elected to sue for damages, only, and thereby waived his right to an action for rescission.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, CHADWICK, and FULLERTON, JJ., concur.

CROW and GOSE, JJ., took no part.