## RELIANCE ART METAL, INC v WESTERN BANK & TRUST CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5420. Decided June 27, 1938

Stanley A. Silversteen, Cincinnati, for appellee.

Floyd C. Williams, Cincinnati, for appellant.

### OPINION

By HAMILTON, J.

The Reliance Art Metal, Inc., sued The Western Bank and Trust Company, claiming damages growing out of a rental contract for certain real estate owned by the defendant bank.

In substance the plaintiff alleged in its petition that it, through defendant's agents offered to rent the fourth floor of a building on Jackson Street, Cincinnati, owned by defendant; that it advised said agents that the nature of its equipment required alternating current and that gas lines were necessary; that said agents expressly represented and warranted that said premises were wired for both direct and alternating current and equipped with gas lines; that relying on said representations, it was induced to and did rent and occupy said premises; that it proceeded to occupy said premises when it discovered that said representations were false; that said fourth floor was not wired for alternating current, nor was it equipped with gas lines; that plaintiff was therefore compelled to have the premises wired for alternating current at a cost to it of $519.95; that by reason of the delay, it was compelled to suffer a shut down of its plant for three weeks, and, thereby suffered an overhead loss of $400.00; that by reason of the shut down and resulting delay in its ability to complete a contract on time it suffered a penalty of $350.00 and travelling expenses of $75.00; and further asked damages to its good-will in the sum of $500.00, totalling $1889.95 damage, less an allowance for rent in the sum of $105.000.

The defense in its answer admitted its corporate existence and ownership of the premises and the rental allowance of $105.00, and in a cross-petition asked for $27.50 for rent. In an amendment to the answer the defendant claims the allowance of $105.00 for rent was in full settlement of all differences, and was an accord and satisfaction

A reply denied generally the answer.

The case was tried to a court and jury. The trial court eliminated all claims for damages except the claim of $350.000 penalty and the $400.00 damage on account of overhead loss occasioned by delay, and limited the jury to only consider these two items, and in no event should any finding for plaintiff exceed $750.00.

The jury found for plaintiff and returned a verdict in its favor for $750.00. Judgment was entered on the verdict and defendant appeals to this Court.

It is strongly urged by defendant, appellant here, that the proper measure of damage was the difference in value of the property with the alternating current and gas lines and without this equipment, and,

244

therefore. all evidence on the items of $350.00 and $400.00 was improperly admitted. This position might be tenable had the false representations been made concerning the real estate. The false representation here was as to the facility for furnishing alternating current for the equipment of the tenant. Another tenant might have desired direct current. The trial court applied the proper measure of damages which is "That the injured party shall have compensation for the injury sustained." **13 O. Jur., p. 70, §10.**

It is further urged that the verdict and judgment are against the weight of the evidence.

The evidence on all the issues was in sharp conflict. The defendant adduced evidence to the effect that plaintiff moved into the premises before any rental contract was entered into. This. the plaintiff denied and gave evidentiary facts to the contrary.

Defendant gave evidence to the effect that the allowance of $105.00 was an accord and satisfaction. This, plaintiff denied and gave evidence to the effect that the allowance was voluntary and given as part payment of the actual cost of installation, all of which was made by the plaintiff at its own cost of $519.95. The trial court held the rental allowance did liquidate the cost of installation, and refused plaintiff any recovery of the balance.

Enough has been said to show the conflict in the evidence.

Another complaint is that the proof of the two items of damage was insufficient. The plaintiff's books of original entry showed the original contract price, and showed a charge back of $350.00, and it was testified to that this charge back was due to the delay which delayed the work on the Post Office three weeks. The evidence on the items was sufficient to warrant the jury in finding for the plaintiff.

We find no prejudicial error in the record, and the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.