[No. 31779.   Department One.   December 27, 1951.]

DAVID H. SALTER *et al., Respondents and Cross-appellants,*
v. RICHARD P. HEISER, *Appellant.*[1]

[1]Reported in 239 P. (2d) 327.

*Elliott & Lee*, for appellant.

*Colvin & Williams* and *Max R. Nicolai*, for respondents and cross-appellants.

DONWORTH, J.—This is an appeal from a judgment awarding damages to plaintiffs in an action based on fraudulent

misrepresentations in connection with the leasing of a resort property. At the conclusion of the first trial of this case, to the court sitting without a jury, judgment was entered for defendant. Plaintiffs appealed from that judgment.

This court reversed the judgment in *Salter v. Heiser*, 36 Wn. (2d) 536, 219 P. (2d) 574, and remanded the case, stating:

"The judgment appealed from is reversed, and the cause remanded to the superior court, with instructions to reopen the case and grant a new trial upon appellants' claim for damages against respondent based upon misrepresentations in connection with the matter of the procurement by appellants of a license authorizing the sale of beer in the tavern. The case, as to this issue, will be reheard upon the record already made before the superior court and such further evidence as may be introduced, the court being authorized to reopen the case upon a proper showing, on motion of either party to the action.

"After a retrial upon the issue above mentioned, the court will enter an appropriate judgment based upon the record, as upon a trial *de novo*, save that no damages are to be allowed appellants on their claim in connection with the alleged denial of their right to use the name 'Pla-Mor,' or on their claim based upon their alleged inability to rent rooms in the building referred to in their complaint. Any other issues presented by the pleadings of the respective parties are to be determined by the trial court, after the court has reached a decision in connection with appellants' claim for damages based upon their failure to procure a liquor license."

After the case was remanded to the trial court, plaintiffs, pursuant to the above-quoted portion of our decision, moved to reopen the case for the purpose of introducing further evidence concerning damages. The trial court, after a hearing, granted the motion. Plaintiffs then filed a verified itemized statement of the damages they proposed to establish. That statement set forth their net loss alleged to have resulted from their operation of the resort during the first five months of the lease term plus the reasonable value of their own labor in connection therewith and the return of

all rental payments made to defendant together with the loss of subrental receivable under a sublease of the tavern.

At the second trial, plaintiffs introduced evidence in support of those claims. At the close of their evidence, the trial court denied defendant's motion that all of the items be stricken except the alleged loss of subrental from the tavern. In an oral decision, the court found for plaintiffs upon a theory not advocated by either party. Defendant moved for a new trial, or, in the alternative, for judgment notwithstanding the oral decision. The trial court denied the motion and made findings of fact and conclusions of law upon which judgment for plaintiffs was entered. Both parties have appealed from that judgment.

This appeal is unusual in that both plaintiffs and defendant assign errors going to the whole substance of the trial court's theory in disposing of the case. For that reason, and because the position of the parties as appellants and respondent is exactly the reverse of what it was in the first appeal, we will hereinafter refer to the parties as plaintiffs and defendant.

At the outset, we are confronted with a disagreement between plaintiffs and defendant as to the effect of our former decision in this case. We must therefore make clear the extent to which we are limited by that decision in considering the issues now before us.

The only evidence now before us that was not before the court in *Salter v. Heiser, supra,* is evidence relating to the amount and nature of plaintiffs' damages. The defendant did not introduce any evidence at the second trial. The only motion to reopen the case was made by plaintiffs. We therefore incorporate herein, by reference, the entire opinion of the court in *Salter v. Heiser, supra,* both as to the facts and as to the law applicable thereto.

Since it is the law of the case that defendant is liable to the plaintiffs for damages on account of the misrepresentation that the premises were free and clear for a tavern license, we will restrict our inquiry to a determination of the items of damages to which plaintiffs are entitled.

The theory adopted by the trial court, in giving judgment to plaintiffs, is succinctly stated in the findings of fact as follows:

"III

"That after the discovery that the liquor license was not readily available simply by application, the conduct of both the plaintiffs and the defendant was such as to constitute an implied agreement that the operation of the resort would be carried on until such time as it could be definitely ascertained whether or not a license could be procured.

"IV

"That said operation constituted a joint enterprise toward which the plaintiffs contributed their services and the defendant contributed the premises. That under this implied agreement the joint operation was carried on for a period of seven months commencing on the first of April and continuing to the end of October, the plaintiffs leaving the premises in the early part of November, 1947."

The trial court also made findings of fact and conclusions of law consistent with its theory of joint enterprise, in effect making an accounting between plaintiffs and defendant. On that basis judgment was entered for plaintiffs in the amount of $3,587.93. In addition, plaintiffs were adjudged to be entitled to $1,600, deposited by them in the Peoples National Bank pursuant to the terms of the lease as security for the performance thereof. If the lease were properly performed, this sum was to be applied to payment of the last four months rent.

The theory of joint enterprise was not argued during the trial by either plaintiffs or defendant, and both now contend that there is no evidence to support the application of that theory.

We are of the opinion that there is no evidence, either in the record made on the original trial or upon the second trial, from which an implied agreement to carry on a joint venture can reasonably be inferred. At no point in their dealings did plaintiffs or defendant indicate in any way that they regarded the relationship between them to be anything but that of lessees and lessor.

The lease involved herein was executed on March 25, 1947. Plaintiffs entered into possession on April 1, 1947, and continued in possession for seven months, quitting the premises shortly after November 1, 1947. During that period, they paid the rental of $400 a month as required by the terms of the lease. At no time did the parties by their conduct indicate an intention to share the profits or losses of the enterprise. They did nothing more than to pay and receive the monthly rent. A joint enterprise is a consensual relationship as between the parties. The record is devoid of evidence to support the finding of such a relationship between these parties.

The trial court, in its oral decision, indicated that the joint enterprise theory was adopted in the hope that it might appeal to the litigants as a compromise and thus result in the termination of an unusually protracted and bitter lawsuit. While we are in complete sympathy with the aim of the trial court, we are constrained to hold that the findings of fact and conclusions of law, embodying the theory of joint enterprise, and the judgment based thereon, must be set aside because not supported by the evidence.

The further problem presented is that of determining the proper measure of damages applicable to the facts of the case. Plaintiffs contend that they are entitled to rescind the lease and be placed *in statu quo*, or, in the alternative, are entitled to recover damages for all losses proximately caused by defendant's fraud. Defendant contends that rescission is not available to plaintiffs, that the exclusive measure of damages for fraud or deceit is the "benefit of bargain" rule and that therefore none of the damages proved by plaintiffs are recoverable.

There can be no question but that by continuing in possession and bringing an action for damages after discovery of defendant's fraud, plaintiffs elected to affirm the lease thereby waiving their right to rescission. *Pronger v. Old Nat. Bank*, 20 Wash. 618, 56 Pac. 391; *Smith v. Gray*, 52 Wash. 255, 100 Pac. 339; *Keylon v. Inch*, 178 Wash. 522, 35 P. (2d) 73. See. also. *Labor Hall Ass'n. Inc. v. Danielsen.*

24 Wn. (2d) 75, 163 P. (2d) 167, 161 A. L. R. 1079. Thus, plaintiffs' contention that they are entitled to rescind the lease and be returned to the *status quo* is without merit.

■ ̇After an exhaustive examination of the decisions of this and other courts, we are convinced that a plaintiff in such an action is entitled to recover damages for losses proximately caused by the defendant's fraud. *Lawson v. Vernon*, 38 Wash. 422, 80 Pac. 559; *Eyers v. Burbank Co.*, 97 Wash. 220, 166 Pac. 656; *Voellmeck v. Harding*, 166 Wash. 93, 6 P. (2d) 373, 84 A. L. R. 608; *Cloakey v. Bouslog*, 39 Wn. (2d) 66, 234 P. (2d) 880; *Reliance Art Metal v. Western Bank & Trust Co.*, 60 Ohio App. 39, 19 N. E. (2d) 289; *Selman v. Shirley*, 161 Ore. 582, 85 P. (2d) 384, 91 P. (2d) 312, 124 A. L. R. 1. See, also, cases collected in 24 Am. Jur., Fraud and Deceit, § 218.̇ This rule is approved by the text writers. 3 Sedgwick on Damages (9th ed.) 2145, § 1027; McCormick on Damages, 459.

■ While this court has applied the "benefit of bargain" measure of damages (see *Hunt v. Allison*, 77 Wash. 58, 137 Pac. 322; *Sherrin v. Gevurtz*, 142 Wash. 128, 252 Pac. 683; *Dixon v. MacGillivray*, 29 Wn. (2d) 30, 185 P. (2d) 109), it has not been suggested by this court that it is the exclusive measure of damages that may be applied.

Those cases merely illustrate that where there are no special damages proximately caused by the misrepresentation, the measure of general damages that will be applied is "benefit of bargain" (the difference between the value had the misrepresentation been true and the actual value) as opposed to "out of pocket" (the difference between the amount paid or value of the thing given in exchange and the actual value). The courts are favorably disposed toward the "benefit of bargain" rule since it is usually advantageous to the plaintiff. *Selman v. Shirley, supra.*

Thus, where the plaintiff seeks to recover general damages he will be awarded damages giving him the benefit of his bargain. Where he seeks to recover damages not inherent in the "benefit of bargain" rule, he will be awarded damages for all losses proximately caused by defendant's fraud. *Cloakey v. Bouslog, supra.*

We must now apply these general principles to the facts of the case before us. Plaintiffs contend that they are entitled to recover $9,245.79 consisting of the following items: Loss of time of all three plaintiffs ($5,069.92); net loss resulting from their operation of the resort ($1,175.87); return of lease deposit for last three months of the term ($1,200); $400 paid into the registry of the court as rental for the seventh month of occupancy; and loss of rental receivable under a sublease of the tavern for the full term thereof ($1,400).

■ Having elected to affirm the lease by continuing in possession and bringing action for damages after discovery of the fraud, plaintiffs are not entitled to recover the $2,800 they have paid as rental for seven months ($2,400 directly paid to defendant and $400 paid into the registry of the court) and in addition must pay $1,200 to defendant (in accordance with his counterclaim) as rental for the last three months of the term. Thus, the $1,600 on deposit in the Peoples National Bank should be divided $400 to plaintiffs and $1,200 to defendant.

As to the remaining items of damage sought to be recovered by plaintiffs, the question is whether any of these items are special damages proximately caused by defendant's fraud.

A Massachusetts case, *Thomson v. Pentecost*, 206 Mass. 505, 92 N. E. 1021, is particularly helpful here. In that case, plaintiffs were induced to lease a dairy farm for a period of one year by defendant's misrepresentations. Defendant's fraud was discovered after three months of operation. That court said:

"But the judge left it open to the jury to give to the plaintiff Thomson a further sum for her losses in carrying on the business which she had bought of the defendant, and to the plaintiff Stone a further sum for the time which he lost by leaving his former employment and undertaking to run the dairy. This was giving to them more damages than upon their declarations they were entitled to receive. They were content, if the defendant's representations were true, to run the risk of undertaking this business and abandoning

their former occupations and employments. They are indemnified if these representations are made good."

The court went on to hold the "benefit of bargain" measure of damages applicable and remanded the cause for a determination of plaintiffs' damages on that theory.

■ The reasoning of this decision appeals to us as sound. The risk of operating at a loss and the giving up of other employment are incidents of entering into a business venture. Where the plaintiff can be awarded the difference between the value of what he would have received had the representations been true and the actual value of what he received, he is adequately compensated. While it is unquestionably true that the fraud may result in a loss in operating a business, where, had the state of things been as represented, it would have returned a profit, that element of damages is reflected in the difference in values computed under the "benefit of bargain" measure of damages. Further, such a rule removes the speculation attendant in attempting to ascertain what portion of loss is attributable to the fraud and what portion is attributable to bad management or other factors not connected with the fraud. Therefore, plaintiffs' loss of time and their net operating loss are not allowable items of damages.

■ Plaintiffs also seek recovery of $1,400 representing the loss of rental under the sublease of the tavern during the ten-month term. In *Sherrin v. Gevurtz, supra,* the plaintiff was induced to lease a hotel by misrepresentations of the defendant as to the income from rentals. We held that such loss was not recoverable, the applicable measure of damages being the difference between the value of the leasehold as represented and its actual value. Again, loss of rental because of misrepresentations inheres in the difference in value of the leasehold as represented and in actuality.

For the foregoing reasons, plaintiffs' evidence as to damages, introduced upon the reopening of the case, is insufficient to support the judgment in their favor. The only item recoverable is $400 of the $1,600 on deposit in the

Peoples National Bank. Defendant is entitled to the remainder of that deposit ($1,200).

At the first trial of this case plaintiff Salter, Sr., testified that he valued the leasehold with a tavern at $10,000 and that without a tavern he "would just get up and leave" because it would have no value except for a picnic place during the summer. Since the witness did not testify as to his opinion of the value of the leasehold as a summer picnic resort, there was not sufficient evidence upon which to predicate a claim for damages under the "benefit of bargain" rule. No other testimony bearing upon this measure of damages was offered by either party at either trial. .

We have considered defendant's assignment of error relating to the denial of his motion to retax costs. This relates to mileage claimed with respect to plaintiffs' witness Kennell. From our review of the portion of the record relating to this assignment, we cannot say that the trial court abused its discretion in denying defendant's motion.

While we regret very much the necessity of further prolonging this already unduly protracted litigation, the judgment of the trial court must be, and hereby is, reversed and the cause again remanded for a new trial limited solely to the issue of the difference, if any, in the value of the leasehold on April 1, 1947, *with* a tavern license and the value of the leasehold on that date *without* a tavern license.

The new trial shall be conducted and a judgment entered in accordance with the views herein expressed. As heretofore indicated, the $1,600 in the Peoples National Bank shall be divided $1,200 to the defendant and $400 to the plaintiffs. The defendant shall be awarded the $400 in the registry of the trial court.

The defendant shall recover his costs in this court.

SCHWELLENBACH, C. J., MALLERY, GRADY, and WEAVER, JJ., concur.