[No. 32388. Department One. September 4, 1953.]

DAVID H. SALTER et al., Appellants, v. RICHARD P. HEISER, Respondent.[1]

Colvin & Williams (David J. Williams, of counsel) and Edmund J. Jones, for appellants.

Elliott, Lee & Thomas, for respondent.

[1] Reported in 260 P. (2d) 882.

PER CURIAM.—This appeal is prosecuted from a judgment entered September 26, 1952, in favor of plaintiffs against defendant. Plaintiffs, feeling themselves aggrieved, have appealed.

Defendant-respondent moves to dismiss the appeal on the ground that appellants have not filed an effectual appeal bond or deposited cash in lieu thereof.

Rule on Appeal 22, as amended effective January 2, 1951, 34A Wn. (2d) (Sup.) 1 provides:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within ten days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in Rule 25 be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof . . ."

November 5, 1952, appellants gave notice of a cash deposit in lieu of bond, in the following language:

"We hand you herewith the sum of $200.00 in cash in lieu of Bond for Costs on Appeal in the above entitled matter."

However, no cash was deposited.

Appellants now urge that the following facts disclose that a sufficient appeal bond has been furnished:

By reason of prior trials and appeals in this case (*Salter v. Heiser*, 36 Wn. (2d) 536, 219 P. (2d) 574; *Salter v. Heiser*, 39 Wn. (2d) 826, 239 P. (2d) 327), eight deposits of funds were made with the clerk of the superior court between September 30, 1947, and June 7, 1952. Between July 14, 1949, and September 26, 1952, six withdrawals of funds were made by the parties entitled thereto. On September 26, 1952, there was a balance of fourteen hundred dollars on deposit with the clerk of the superior court.

The transcript on appeal in the instant matter certifies that plaintiffs-appellants

". . . deposited $200.00 in this office [clerk of the superior court] on the *23rd day of February, 1951 as Cash Cross-Appeal Bond* and is still in this office to this date [January 9, 1953]." (Italics ours.)

This certificate refers to a cash bond given on a prior cross-appeal to this court in 1951.

█ Under the present condition of the record, the cash on deposit cannot stand as a bond on this appeal. There is no showing that the funds on deposit (or any part thereof) have ever been made subject to the conditions of an appeal bond in the instant case. There is nothing to prevent appellants from demanding and receiving the cash now on deposit from the clerk of the superior court. This is more than an informality or defect in the appeal bond and cannot be corrected under Rule on Appeal 52, 34A Wn. (2d) 56.

The appeal is dismissed.