[No. 2401-3.   Division Three.   May 31, 1978.]

ERNEST C. PRESCOTT, ET AL, *Appellants,* v. DONALD
W. MATTHEWS, ET AL, *Respondents.*

---

*George W. Young,* for appellants.

*Howard H. Herman* and *Herman & Herman,* for respondents.

McInturff, J.—The Prescotts appeal from an order clarifying a judgment entered in their favor against the Matthews for fraud and deceit in the sale of Ushers Tavern in Spokane.

No error is assigned to the court's findings which establish the following: The Matthews, in order to induce the Prescotts to purchase the tavern, represented that it was well established, had supported a partnership with ease and had a steady clientele of principally retired railroad employees. The remainder of the patrons, they said, were extremely likeable and well behaved young people.

Under the circumstances surrounding the transaction, the Prescotts had a right to, and did, rely upon those representations in deciding to purchase the tavern for $45,000. However, at the time of the sale the Matthews knew the

tavern was patronized by persons trafficking in drugs and prostitution and that fights frequently occurred for no accountable reason. Because of the nature of its patronage the tavern at the time of sale was worth only $25,000.

As a result, the court concluded, "That the value of the tavern herein contracted to be sold should be reduced to the extent of $20,000." A judgment to that effect was entered, but a dispute arose as to how the $20,000 in damages should be applied. The Prescotts sought to adjust the original contract price and to reamortize the contractual payments on the basis of the tavern's true value at the time of the misrepresentation. On a motion by the Matthews, the court clarified its judgment in the following manner:

This is an action for damages based upon fraud, with a prayer for a money judgment. This case was first decided in favor of the defendants, but after reopening and taking additional testimony it was the decision of the court that the Plaintiffs were entitled to prevail. *Reviewing all of the evidence relating to damages, it was the opinion of the court that the Plaintiffs had been damaged in the sum of $20,000.00. It was the intention of the court that the Plaintiffs should be allowed to reduce the outstanding contract balance to the extent of $20,000.00 and no more.* It was not the intention of the court that the original purchase price would be adjusted nor was it the intention of the court that the contract of sale be reamortized.

The court's written opinion . . . stated that the value of the tavern should be reduced to the extent of $20,000.00. The findings, conclusions and judgment prepared by the Plaintiff recited the same language and the court presumed its intention was clear. By letter . . . the court stated its intention regarding the application of the judgment. Notwithstanding said letter, some confusion still exists. Accordingly, it is hereby,

ORDERED that . . . the judgment . . . be clarified to read as follows:

. . . That the balance of the outstanding contract between the Plaintiffs as purchasers and Defendants, . . ., as vendees, be reduced to the extent of $20,000.00.

*It is further ordered that any conflict or ambiguity in the findings of fact or conclusions of law be resolved in*

*harmony with the true intent of the court as expressed herein.*

(Italics ours.)

The Prescotts contend the court's application of the damage award to the outstanding balance deprives them of the interest they paid on the contract for the inflated value of the tavern. Essentially, they seek to reform the contract purchase price to conform to the actual value of the tavern at the time of the transaction and, in effect, recover the difference in interest between a contract for $45,000 and one for $25,000. And, they wish to retain the $20,000 damage award.

First, we note that reformation of the contract is not the proper remedy for a case of this type. Reformation lies where there has been fraud in committing the agreement to its written form and not where fraud has induced the agreement.[1] Instead, the proper remedies in cases where the purchaser is induced by fraud to enter into a contract for the sale of commercial property are (1) rescission or (2) affirmation of the contract and a suit for damages caused by the deceit.[2]

If the purchaser elects to rescind he may be returned to the status quo by tendering back all the consideration he has received and suing at law or in equity for restoration of the money or property with which he has parted.[3] On the other hand, he may affirm the contract by bringing an action which claims damages based on the assumption that each party will keep what he secured under the bargain.[4] Thus, if the Prescotts had chosen to rescind, they could have given up the tavern and received, in return, all of the

---

[1] *Alexander Myers & Co. v. Hopke,* 14 Wn. App. 354, 357, 541 P.2d 713 (1975), *rev'd on other grounds,* 88 Wn.2d 449, 565 P.2d 80 (1977).

[2] *Salter v. Heiser,* 39 Wn.2d 826, 831, 239 P.2d 327 (1951); C. McCormick, *Damages* § 121, at 448–49 (1935).

[3] C. McCormick, *Damages* § 121, at 448–49 (1935).

[4] C. McCormick, *Damages* § 121, at 448–49 (1935).

payments made. However, they decided to keep the tavern and sue for damages due to the misrepresentations of the Matthews.

While there is a split of authority on the proper measure of damages in a suit for misrepresentation,[5] Washington courts have adopted the "benefit of the bargain" rule.[6] Thus,

> where there are no special damages proximately caused by the misrepresentation, the measure of general damages that will be applied is "benefit of bargain" (the difference between the value had the misrepresentation been true and the actual value) as opposed to "out of pocket" (the difference between the amount paid or value of the thing given in exchange and the actual value).

*Salter v. Heiser*, 39 Wn.2d 826, 832, 239 P.2d 327 (1951).

Here, the Prescotts in their complaint and trial memoranda consistently sought their "benefit of bargain" as damages. They did not plead or seek any special damages in accordance with CR 9(g).[7] And, the court in its order clarifying judgment said it had reviewed *all* of the evidence relating to damages and found the Prescotts had been harmed in the amount of $20,000. There is nothing in the record to indicate the court erred in reaching its award or that it was unaware of the proper measure of damages.[8]

---

[5]37 Am. Jur. 2d *Fraud and Deceit* § 351, at 469 (1968); *see also* Annot., *"Out of Pocket" or "Benefit of Bargain" as Proper Rule of Damages for Fraudulent Representations Inducing Contract for the Transfer of Property*, 13 A.L.R.3d 875 (1967).

[6]*McInnis & Co. v. Western Tractor & Equip. Co.*, 63 Wn.2d 652, 388 P.2d 562 (1964); *Hoke v. Stevens–Norton, Inc.*, 60 Wn.2d 775, 375 P.2d 743 (1962); *Marr v. Cook*, 51 Wn.2d 338, 318 P.2d 613 (1957); *Scroggin v. Worthy*, 51 Wn.2d 119, 316 P.2d 480 (1957); *Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954); *Salter v. Heiser*, 39 Wn.2d 826, 239 P.2d 327 (1951).

[7]The rule provides, "When items of special damage are claimed, they shall be specifically stated."

[8]Furthermore, the court in its order clarifying the judgment directed that any ambiguities in the findings or conclusions be resolved in harmony with its intent as expressed in the clarifying order. Judgments are to be construed in such a

Nor do the Prescotts assign error to the amount of damages. Therefore, the question is whether the court wrongfully applied the $20,000 to the outstanding contract balance.

Considering the plight of a defrauded contract purchaser of real estate, the Supreme Court of California said:

> He affirms the contract, but not as one made in good faith. He consents to be bound by the provisions of the agreement, but does not thereby release or waive his claim for damages arising from a fraud collateral to the agreement. He must, himself, be willing and able to perform on his part, and it must be conclusively taken that he stands ready and willing to pay the full consideration called for by the contract. If the contract remains executory, the damages which he is entitled to recover are no other and no greater than those which would be awarded to a party who has fully executed his contract. From any award which may be made because of the fraud must be deducted any unpaid part of the purchase price.

*Paolini v. Sulprizio*, 258 P. 380, 381 (Cal. 1927).[9]

Since the court applied the damage award to the unpaid contract balance, based upon a review of *all* the evidence relating to damages, the judgment of the Superior Court is affirmed.[10]

---

manner as will give effect to the intentions of the trial court. *See Callan v. Callan*, 2 Wn. App. 446, 448, 468 P.2d 456 (1970).

[9]*See also Grosgebauer v. Schneider*, 177 Wash. 43, 31 P.2d 90 (1934); *Hines v. Brode*, 143 P. 729 (Cal. 1914).

[10]We find no merit in the Matthews' contentions on cross appeal that the court did not find that the Prescotts had proved the elements of fraud by clear, cogent and convincing evidence. In its first memorandum opinion, the court recognized that fraud must be proved by the higher evidentiary standard and referred specifically to inadequacies in the proof. Since the court was well aware of the Prescotts' burden after the initial trial, and since the case was reopened for additional testimony on those elements, the court would not have found for them had they not met the higher standard of proof.

Nor do we consider the Prescotts' argument that the original judgment could not be clarified. That matter was determined on motion by the Court Commissioner and affirmed by this panel a year ago, and will not be reconsidered now.

Munson, C.J., and Green, J., concur.

Reconsideration denied July 5, 1978.

Review denied by Supreme Court November 17, 1978.