**FILED**
**MARCH 24, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN K. TORMINO, an individual, | ) | |
| | ) | No. 37926-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TORMINO SASH & GLASS, INC., a | ) | UNPUBLISHED OPINION |
| Washington Corporation, NORTHWEST | ) | |
| TRUSTEE & MANAGEMENT | ) | |
| SERVICES, LLC, a Washington limited | ) | |
| liability company | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — We face the unusual, if not singular, situation where corporate shareholders appointed a limited liability company by and through one of the company's agents as director of the corporation. We hold that under the bylaws of the corporation, the company by and through an agent cannot serve as director.

FACTS

John J. Tormino Sr. founded Tormino Sash & Glass Inc. (TSG), a Washington corporation, a successful Spokane business. At his death, Tormino Sr. held 42.4 percent of the corporate stock. His children, John K. Tormino Jr., Patricia Thayer, and Nancy Taormina, each owned 19.2 percent of the corporate stock.

John J. Tormino Sr. died on May 2, 2017.  The superior court appointed Northwest

Trustee & Management Services LLC (Northwest Trustee), a Washington state trust

company and limited liability company, as personal representative of Tormino Sr.'s

estate.  Cam McGillivray, a trust officer and in-house counsel for Northwest Trustee,

acted as the trust company's agent in administering Tormino Sr.'s estate.

On June 8, 2018, TSG's shareholders elected John K. Tormino Jr. as its sole

director.  CP 48.  At the same meeting, the shareholders adopted a bylaw that read:

> 3.1 <u>Number, Tenure, and Qualifications</u>.  The business affairs and
> property of the Corporation shall be managed by a Board of not less than
> one (1) Director nor more than nine (9) Directors, who are individuals. . . .
> Directors shall be twenty-one (21) years of age, or older.

Clerk's Papers (CP) at 15.  The shareholders also approved the sale of "substantially all"

of TSG's assets.  CP at 11.

While serving as director, John K. Tormino Jr. withdrew $198,000 from TSG's

corporate bank account.  The shareholders called a special meeting on April 13, 2020 to

discuss the withdrawal of funds.  At the meeting, Tormino Jr. declared that he withdrew

the $198,000 for payment of wages to himself for the time window of October 2012 to

February 2020.  Tormino Jr. added that, in May 2019, he had formed the new

corporation, Torminos Glass Inc. that leased property in Gig Harbor at a site formerly

used by TSG.  Northwest Trustee and Taormina, with control of the majority of shares of

the company, voted to remove Tormino Jr. from his position as director.

2

One week later, on April 20, 2020, the shareholders conducted another special meeting and appointed "NWT [Northwest Trustee] by and through Mr. Cam McGillivray to the position of Director." CP at 31. The adopted motion required Northwest Trustee to provide the shareholders five days' advance written notice of any expenditures in excess of $2,500. The motion passed with the votes of Northwest Trustee and Nancy Taormina, together controlling 61.6 percent of the voting shares. Patricia Thayer and John K. Tormino Jr., exercising all remaining shares, voted against the motion.

During the April 20 special meeting, John K. Tormino Jr. announced that he would not return the $198,000 to the corporate account. Northwest Trustee and Nancy Taormina voted for TSG to sue Tormino Jr. for a return of the money.

After the April 20 TSG special meeting, Cam McGillivray and/or Northwest Trustee acted as TSG's director. During some actions, McGillivray avowed he served as TSG's director. During other actions, McGillivray proclaimed Northwest Trustee to be the director. Sometimes, TSG has proclaimed that the estate of John K. Tormino Sr., rather than Northwest Trustee, serves as its director. Even other times, Steve Trefts, as president of Northwest Trustee, has sent notices for TSG meetings.

At the direction of Northwest Trustee or Cam McGillivray, TSG issued four individual payments over $2,500. Northwest Trustee did not afford shareholders advance notice of the payments.

No. 37926-4-III
*Tormino v. Tormino Sash & Glass, Inc.*

PROCEDURE

John K. Tormino Jr. initiated this suit against TSG and Northwest Trustee. Tormino Jr. requested declaratory rulings that (1) the Washington Business Corporation Act, Title 23B RCW, precluded Northwest Trustee by and through Mr. Cam McGillivray from acting as a director of TSG because only a natural person may serve, (2) TSG's bylaws prevented Northwest Trustee from serving as director because the bylaws demanded that the director be twenty-one years of age or older, (3) the Washington Trust Institution Act, (WTIA), Title 30B RCW, precludes a trust company from serving as a director of a Washington corporation, and (4) Northwest Trustee forfeited any right to serve as a director because of its approval of expenditures exceeding $2,500. Tormino Jr. requested a declaratory ruling and an injunction prohibiting Northwest Trustee and its agents from acting as director.

John K. Tormino Jr. sought partial summary judgment. Patricia Thayer then intervened as a plaintiff and joined Tormino Jr.'s motion. TSG and Northwest Trustee filed cross-motions for summary judgment, by which they sought affirmation of the appointment of Northwest Trustee by and through Cam McGillivray as director. The superior court ruled in favor of Northwest Trustee and TSG.

LAW AND ANALYSIS

On appeal, John K. Tormino Jr. repeats his request for a declaratory ruling that Northwest Trustee by and through Mr. Cam McGillivray cannot serve as the director of

4

TSG. He forwards the same four arguments. Tormino Jr. asks that we direct the superior court to afford him declaratory and injunctive relief. Patricia Thayer has not appeared in the appeal.

Under RCW 23B.08.030(1), a Washington corporation's "board of directors must consist of one or more *individuals*." (Emphasis added). According to RCW 23B.01.400(24):

> "Individual" includes the estate of an incompetent or deceased individual.

The parties dispute whether a limited liability company constitutes an individual under the statutes.

The anomaly that shareholders appointed Northwest Trustee by and through Mr. Cam McGillivray, rather than simply Northwest Trustee, as the director of TSG complicates resolution of this appeal. We find no instance in the law or other literature of a company, through a particular agent, being appointed a director of a corporation. Neither party cites to a decision in which an agent on behalf of a principal became a corporate director. TSG does not enlighten us as to the reasoning behind this unusual and extended designation of its director.

We decline to decide whether RCW 23B.08.030(1), which demands a director be an "individual," permits a limited liability company to serve as a director. We also decline to resolve whether, under RCW 30B.08.080, a section of the WTIA, bars a trust

5

institution from serving as a director of a corporation. Finally, we demur from determining whether Northwest Trustee forfeited the right to serve because of expenditures. Regardless, the TSG bylaw requires that a director be twenty-one years of age. TSG agrees that Northwest Trustee is not twenty-one years of age and that, under this bylaw, the director must be a natural person.

TSG contends that the inclusion of Cam McGillivray as the agent of Northwest Trustee serving as the director satisfies the bylaw's age requirement, since McGillivray has achieved the age of majority. We disagree. The shareholders appointed only one director, not two directors. The acts of the agent are the acts of the principal. *Smith v. Gray*, 52 Wash. 255, 256-57, 100 P. 339 (1909); RESTATEMENT (SECOND) OF AGENCY § 1 (AM. L. INST. 1958). When acting as a director, McGillivray has conducted himself on behalf of and in fulfillment of his fiduciary duties to Northwest Trustee, the director, not on behalf of TSG.

TSG inconsistently argues that Northwest Trustee may, under RCW 23B.08.030, serve as the director since it is the personal representative of the estate, but, for purposes of the bylaw, Northwest Trustee contends McGillivray serves as the director. Again, TSG shareholders only appointed one director. Sometimes, TSG even contends that its shareholders anointed the estate of John K. Tormino Sr., rather than Northwest Trustee, as the director, despite the written motion designating "NWT [Northwest Trustee] by and

6

through Mr. Cam McGillivray" as director. We do not value TSG changing positions as to who functions as director depending on the legal issue.

A party is entitled to summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). John K. Tormino Jr., not TSG, deserves summary judgment. Tormino Jr. is entitled to declaratory relief.

TSG and Northwest Trustee complain that John K. Tormino Jr. initiated this declaratory judgment action from spite because of the challenge to his removing funds from TSG. We make no comment about the validity of Tormino Jr.'s conduct.

We issue no ruling as to whether past acts of Northwest Trustee by and through Mr. Cam McGillivray as a director are valid. We issue no ruling as to whether Northwest Trustee must refund expenditures above $2,500.

John K. Tormino Jr. requests that this court direct the superior court to issue an injunction precluding Northwest Trustee from acting in the future as director of TSG. We question the need for an injunction in addition to declaratory relief. Nevertheless, Tormino Jr., on remand, may apply to the superior court for an injunction if he wishes. The superior court lies in a better position than this appeals court to address the utility and validity of an injunction.

No. 37926-4-III
*Tormino v. Tormino Sash & Glass, Inc.*

CONCLUSION

We remand to the superior court to enter a declaratory ruling that Northwest

Trustee by and through Mr. Cam McGillivray may not serve as the director of TSG.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

8